# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| DALE CONRAD MCQUISTON, | ) | |
| | ) | |
|     Movant, | ) | |
| | ) | No. 16-1133-JDT-jay |
| VS. | ) | Crim. No. 88-10054-JDT |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Respondent. | ) | |

ORDER GRANTING MOTION TO AMEND (ECF No. 8),
DENYING MOTION PURSUANT TO 28 U.S.C. § 2255,
DENYING A CERTIFICATE OF APPEALABILITY,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On May 22, 1991, a jury convicted the Movant, Dale Conrad McQuiston, on one count of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d); one count of possessing a firearm during a crime of violence, in violation of 18 U.SC. § 924(c); and three counts of possessing a firearm after conviction of a felony, in violation of 18 U.S.C. § 922(g). At his sentencing hearing on August 23, 1991, the Court determined McQuiston qualified for an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *See also* U.S.S.G. § 4B1.4. The Court also granted the United States' motion for an upward departure, finding that McQuiston's criminal history category of IV under the Sentencing Guidelines did not adequately reflect the seriousness of his criminal background. He was sentenced to a 327-month term of imprisonment for the armed bank

robbery, a 60-month consecutive term for the § 924(c) conviction, and concurrent 327-month sentences on each of the three § 922(g) convictions, for a total effective sentence of 387 months. The Court also imposed a five-year period of supervised release. The Sixth Circuit affirmed. *United States v. McQuiston*, No. 91-6048, 1992 WL 184578 (6th Cir. Aug. 4, 1992); *see also United States v. McQuiston*, No. 91-6048, 1993 WL 264655 (6th Cir. July 12, 1993) (disposing of issue deferred in the earlier decision).

McQuiston filed this motion pursuant to 28 U.S.C. § 2255 on May 31, 2016. (ECF No. 1.) The United States has filed a response. (ECF No. 22.) Though the § 2255 motion raises various issues, the primary claim is a challenge to McQuiston's sentence under the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), is unconstitutionally vague. *Johnson* was held to be retroactive and thus applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

McQuiston later filed a motion to amend his § 2255 motion to also rely on the decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), "as it applies to the 924(c) consecutive sentence." (ECF No. 8.) The motion to amend is GRANTED.

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing § 2255 Proceedings (§ 2255 Rules). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.* The United States filed a response to McQuiston's § 2255 motion on April 15, 2019. (ECF No. 22.)

Twenty-eight U.S.C. § 2255(f) contains a one-year limitations period:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

3

With regard to his *Johnson* challenge, McQuiston filed his § 2255 motion within one year after the decision, so that claim is deemed timely under § 2255(f)(3).

The claims designated in McQuiston's § 2255 motion as claims one and three however, (ECF No. 1 at PageID 4-5), are facially time-barred. The Sixth Circuit's final order affirming his convictions and sentence was issued on July 12, 1993, and the time for filing a writ of certiorari expired on October 12, 1993. Unless McQuiston can show that the one-year limitations period for these claims is governed by § 2255(f)(2), (3) or (4) or was tolled, the time for filing these non-*Johnson* claims expired on October 12, 1994.

<u>Claim One – Speedy Trial Act</u>

McQuiston first asserts he has recovered his lost or repressed memory after three decades and has recalled facts that "directly affect this case." (ECF No. 1 at PageID 4.) However, the relevance of the facts McQuiston contends he has remembered is not entirely clear. The Speedy Trial Act claim is set out in his § 2255 motion as follows:

> After almost three decades my lost or repressed memory has recovered. This was noted in the record at trial and sentencing. The recovery of certain facts that I previously could not dispute, directly affect this case. I also am being treated for a serious vision problem that deters effective legal research. The pertinent facts are:
>
> 1). During my first two evaluations by the Chief of Psychology . . . I did not fake anything. I even had a job, and honestly took part in every stage of the evaluations.
>
> 2). The testimony of Dr. Landis in the Arkansas Trial[1] that he based his opinion that I was faking, on the fact that I played a game of pool. His

---

[1] McQuiston was convicted in the U.S. District Court for the Western District of Arkansas on four counts of armed bank robbery under 18 U.S.C. § 2113(a) and (d) and four counts of possessing a firearm during a crime of violence under 18 U.S.C. § 924(c). He was

4

> evaluation was over a year retrospective to the original evaluations and started a series of evaluations, to prove, retrospectively my original state of mind evaluated by the Chief of Psychology at the top Federal Medical Center.
>
> Considering, that I originally plead [sic] guilty and confessed, the subsequent evaluations violated the Speedy Trial Act, and made the whole process a miscarriage of justice.

(*Id.*)

The docket sheet in McQuiston's criminal case[2] indicates he first was indicted on one count of armed bank robbery and entered a guilty plea on January 25, 1989, (Crim. J.'s File, Docs. 1 & 7). However, he was then committed for psychiatric or psychological examination to determine his present mental condition, pursuant to 18 U.S.C. § 4244. (*Id.* Doc. 9.) At the conclusion of the evaluation, the Court conducted a hearing on August 17, 1989, and granted McQuiston's motion to withdraw his guilty plea, finding he was not competent when he entered the plea. (*Id.* Doc. 17.) McQuiston was committed for hospitalization and treatment under 18 U.S.C. § 4241(d). (*Id.* Doc. 16.)

---

sentenced to a total of 780 months in prison. The conviction and sentence were affirmed on appeal. *United States v. McQuiston*, No. 6:89-cr-60001-SOH-1 (W.D. Ark. Nov. 13, 1992), *aff'd*, 998 F.2d 627 (8th Cir. 1993).

[2] McQuiston's criminal case was pre-electronic filing, and the original file has been archived and thus is not readily accessible. The hard-copy Docket Sheet that was used previously has been scanned into the Court's Electronic Filing System, (Crim. ECF No. 1), but the documents recorded thereon are not available electronically, with the exception of the last entry. However, the Judge's File retained by the undersigned does contain paper copies, though not originals, of most documents filed in that criminal proceeding. When this order refers to a document listed on the docket sheet and a paper copy of the document is available in the Judge's File, it will be cited as, for example, "(Crim. J.'s File, Doc. 1)".

After a hearing on February 20, 1990, McQuiston was recommitted for further evaluation regarding his competency to stand trial. (*Id.* Doc. 24.) When that evaluation was completed, the Court conducted another hearing on June 27, 1990, and found McQuiston competent to stand trial. (*Id.* Doc. 27.) However, McQuiston filed notice of intent to rely on an insanity defense, (*id.* Doc. 30), so on August 17, 1990, yet another evaluation was ordered, for the purpose of determining his sanity at the time of the offense, in accordance with 18 U.S.C. § 4242. (*Id.* Doc. 32.)

A superseding indictment adding the additional counts under 18 U.S.C. §§ 922(g) and 924(c) was filed on January 28, 1991. (*Id.* Doc. 39.) McQuiston filed a motion to dismiss the superseding indictment as vindictive, which was denied, (*id.* Docs. 41, 42 & 47); his motion to reconsider that ruling, (*id.* Doc. 54), was denied in open court when the trial finally commenced on May 20, 1991. (Courtroom Mins. 5/20/91, Docket Sheet, Crim. ECF No. 1 at PageID 8.)

McQuiston asserts in his § 2255 motion that Dr. Landis testified in the Arkansas proceeding that McQuiston was faking mental illness, which contradicted the previous conclusion in this case by "the Chief of Psychology, David Reuterfords" that McQuiston was not faking. (ECF No. 1 at PageID 4.) It appears McQuiston contends those conflicting opinions as to his competency triggered additional evaluations in this case which resulted in excessive delay that violated the Speedy Trial Act and caused a miscarriage of justice.

McQuiston contends that his recovered memory somehow affects the timeliness of this claim. He does not explain whether he is arguing the claim is timely under § 2255(f)(4)

6

because he could not, with due diligence, have discovered the factual basis of the claim before May 26, 2015,[3] or whether he is asserting the Court should apply the doctrine of equitable tolling. However, under either analysis, the claim is untimely.

In the criminal proceeding, a document prepared by McQuiston acting *pro se* was filed on May 2, 1991, titled "Motion to Grant Appropriate Relief on Errors Affecting Defense, and Dismiss." Defense counsel filed the motion at McQuiston's insistence, attaching it as a supplemental memorandum to a motion to reconsider the Court's denial of the motion to dismiss the superseding indictment. (J.'s File, Doc. 54.) In that document, McQuiston argued the charges against him should be dismissed because of irregularities occurring during his various psychological evaluations and treatment, including misconduct by the prosecution and the government psychologists. He asserted "the prolonged pressure and delay adversely affected his ability to prepare, preserve and present evidence because of the time period of delay and the effects of the denial of the needed treatment, possib[ly] causing his present amnesia." (*Id.* at 19.) McQuiston also specifically complained about the contradictory findings in the evaluations done by Landis and Reuterfords. (*Id.* at 12-13.)

In addition, on September 19, 2005, McQuiston filed a motion to correct sentence, purportedly pursuant to a previous version of Federal Rule of Criminal Procedure 35. (Crim. ECF No. 3.) In that motion, he again set out the facts underlying this claim, noting

---

[3] The envelope in which the § 2255 motion was mailed shows it was placed in the prison mail system on May 26, 2016, (ECF No. 1-2 at PageID 12), and under *Houston v. Lack*, 487 U.S. 266 (1988), it should be deemed filed on that date.

the conflicting evaluations and contending the second evaluation "suddenly–in the Government's inter[e]st to gain a conviction–determined the Defendant was 'faking.'" (*Id.* at PageID 29.)

It is evident that McQuiston was aware, even before he went to trial in 1991 or, at the very latest, when he filed a Rule 35 motion in 2005, of the factual basis for this first claim. Thus, his claim based on the Speedy Trial Act is not timely under § 2255(f)(4).

The claim also does not support the application of equitable tolling. "The doctrine of equitable tolling allows federal courts to toll a statute of limitations when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks and citation omitted). The § 2255 limitations period is subject to equitable tolling. *Benitez v. United States*, 521 F.3d 625, 630 (6th Cir. 2008); *Dunlap v. United States*, 250 F.3d 1001, 1004-05 (6th Cir. 2001), *abrogated on other grounds by Hall v. Lebanon Corr. Inst.*, 662 F.3d 745 (6th Cir. 2011); *see also Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling is available for § 2254 petitions).

"The party seeking equitable tolling bears the burden of proving he is entitled to it." *Robertson*, 624 F.3d at 784. A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In this case, McQuiston already knew the factual basis of his Speedy Trial claim in May 1991 when he required his trial

8

attorney to file the *pro se* document he had prepared. Yet he waited almost twenty-five more years before filing this present § 2255 motion. McQuiston's vague assertion that he has "recovered" certain memories does not amount to an extraordinary circumstance that prevented him from raising this claim.

The Court finds that McQuiston's Speedy Trial claim is barred by the applicable statute of limitations.

### Claim Three – Constitutionally Defective Prior Convictions

McQuiston also contends the prior Virginia convictions used to qualify him for an enhanced sentence under the ACCA were constitutionally defective:

> 1. I was arrested in North Carolina. I was then put through an extradition procedure with a bleeding bullet wound in my knee and could barely walk. I was then extradited to Virginia (which affected "Interstate Commerce", which in part, is what I violated), and was not treated for the wound till 20 hours later in a Virginia emergency room.
>
> 2. This fact was not brought before the court, when considering the Brady issues: It tied the crimes because the escape was not complete, and the crime should not have been separated.
>
> 3. In the Virginia Priors I did not have a Constitutional Appeal as I requested. See: Attached Court record.

(ECF No. 1 at PageID 5.) McQuiston does not expressly state in his § 2255 motion why this claim should not also be considered time-barred. In any event, he is not entitled to relief on that basis. The Supreme Court held, in *Custis v. United States*, 511 U.S. 485, 496-97 (1994), that a defendant may not collateral attack, in a federal sentencing proceeding, a prior state conviction used for sentence enhancement unless the challenge is based on a violation of the right to counsel. *See also United States v. Frazier*, 742 F. App'x 81, 83

9

(6th Cir. 2018) (federal sentencing court has no authority to question the validity of a prior state conviction); *Aguilar-Diaz*, 626 F.3d 265, 269-71 (6th Cir. 2010) ("This court has interpreted *Custis* as recognizing right-to-counsel violations as the sole non-statutory grounds on which a collateral attack may be entertained at sentencing.").

Claim Challenging § 924(c)(3) Conviction

As stated, McQuiston amended his § 2255 motion to rely on *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), "as it applies to the 924(c) consecutive sentence." (ECF No. 8.) While he has not clarified this claim or filed an additional memorandum, the Court will presume McQuiston intends to raise the issue that was addressed by the Supreme Court in *United States v. Davis*, 139 S. Ct. 757 (2019). In *Davis*, the Supreme Court held that the residual clause in 18 U.S.C. § 924(c)(3) is unconstitutionally vague. 139 S. Ct. at 2336. The Court relied on its prior reasoning in both *Johnson*, which struck down the residual clause in the ACCA, and *Dimaya*, which invalidated the residual clause in 18 U.S.C. § 16. The residual clause in § 16 is identical to the one in § 924(c)(3).

Neither the Supreme Court nor the Sixth Circuit has yet determined whether the decision in *Davis* will be retroactive to cases on collateral review. *See* 139 S. Ct. at 2354 (Kavanaugh, J., dissenting). Nevertheless, the Court will address this claim.

Eighteen U.S.C. §§ 924(c)(1)(A)-(C) provides, in relevant part, that "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who in furtherance of any such crime, possesses a firearm," shall, in addition to the punishment imposed for that crime of violence, receive a consecutive sentence of not less than five

10

years. The statute defines "crime of violence" as a felony that "has as an element the use, attempted use, or threatened us of physical force against the person or property of another," *Id.* § 924(c)(3)(A) (the elements or use-of-force clause), or "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," *id.* § 924(c)(3)(B) (the residual clause, which was invalidated by *Davis*).

In McQuiston's case, the underlying offense that triggered the § 924(c) charge and the resulting consecutive five-year sentence was armed bank robbery under 18 U.S.C. §§ 2113(a) and (d). The Sixth Circuit has held that federal bank robbery qualifies as a crime of violence under the use-of-force clause of § 924(c)(3)(A). *United States v. Henry*, 722 F. App'x 496, 500 (6th Cir. 2018); *see also United States v. Ybarra*, 730 F. App'x 660, 662 (10th Cir.) (same, collecting cases), *cert. denied*, 139 S. Ct. 456 (2018) (same); *Bates v. United States*, No. 3:16-cv-01523, 2019 WL 2869164, at *2 (M.D. Tenn. July 3, 2019) (concluding that armed bank robbery is a crime of violence under § 924(c)(3)(A)). McQuiston is thus not entitled to relief on the basis of the decision in *Davis*.

<u>Claim Two – *Johnson* Challenge to the ACCA Sentence</u>

The ACCA requires a fifteen-year sentence for a felon who is convicted of unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g) and has three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as

an element the use, attempted use, or threatened use of physical force against the person of another" (the elements or use-of-force clause), (2) "is burglary, arson, or extortion, involves use of explosives" (the enumerated offenses clause), or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause). *Id.*, § 924(e)(2)(B)(i)-(ii). As stated, *Johnson* invalidated the ACCA's residual clause, finding it unconstitutionally vague and holding that increasing a defendant's sentence under the clause is a denial of due process. 135 S. Ct. at 2563.

McQuiston's sentence was enhanced under the ACCA based on a 1967 Pennsylvania burglary conviction, (*see* Presentence Report (PSR) ¶ 43), and 1969 Virginia convictions for attempted murder, robbery, malicious wounding and abduction arising from the same series of events. (PSR ¶ 46.) At sentencing, this Court concluded the convictions for attempted murder, robbery, and malicious wounding were not "committed on occasions different from one another" and counted as only a single ACCA predicate. However, the Court found the abduction conviction qualified as a separate offense for ACCA purposes. On appeal, the Sixth Circuit agreed with those findings. *McQuiston*, 1993 WL 264655; *see also McQuiston*, 1992 WL 184578.

The United States acknowledges in its response to McQuiston's § 2255 motion that it is questionable whether all three of his ACCA predicates can still be counted after the decision in *Johnson*. A Virginia district court has held that Virginia abduction does not categorically qualify as a violent felony. *United States v. Rumley*, No. 4:08CR00005, 2019

WL 254671, at *2-3 (W.D. Va. Jan. 17, 2019). Thus, McQuiston could be entitled to relief under *Johnson*.

Notwithstanding the possible validity of his *Johnson* claim, the United States contends that the concurrent-sentencing doctrine should be applied to deny relief to McQuiston. The Sixth Circuit has stated that according to that doctrine, a court "may decline to hear a substantive challenge to a conviction when the sentence on the challenged conviction is being served concurrently with an equal or longer sentence on a valid conviction." *Dale v. Haeberlin*, 878 F.2d 930, 935 n.3 (6th Cir. 1989). The doctrine may be applied if "it is apparent that the defendant will not suffer collateral consequences from the unreviewed conviction." *Nosov v. Schuylkill*, 634 F. App'x 379, 380 (3d Cir. 2016); *see also Judge v. United States*, 119 F. Supp. 3d 270, 282-83 (D.N.J. 2015) (a court has the discretion to avoid resolving legal issues affecting less than all counts in an indictment if at least one will survive and the sentences are concurrent).

The Court finds it appropriate to apply the concurrent-sentencing doctrine in this case. McQuiston was sentenced to concurrent 327-month terms on the three ACCA-enhanced § 922(g) counts. However, those sentences also were to be served concurrently with the 327-month sentence imposed for the armed bank robbery, which McQuiston has not challenged. There can be no collateral consequences attributable to the § 922(g) sentences that are not also attributable to the identical, concurrent sentence for bank robbery.[4]

---

[4] McQuiston may have fully served the entire sentence imposed by this Court. In response to an e-mail inquiry sent by the U.S. Probation Office to the U.S. Bureau of Prisons

13

Having considered McQuiston's § 2255 motion and the entire record in this case, the Court finds he is not entitled to relief. 28 U.S.C. § 2255(b); *see also* Rule 4(b), § 2255 Rules. The § 2255 motion is DENIED. All other motions are denied as moot. (ECF Nos. 5 & 9.)

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability (COA) "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

A COA may issue only if the movant has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue(s) which satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)-(3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

---

(BOP), a BOP representative stated the 387-month sentence from this Court was fully served on February 13, 2017. However, the e-mail has not been made part of the record, and this information is given only as background.

The issues raised in this § 2255 motion are not debatable for the reasons stated; therefore, the Court DENIES a certificate of appealability. It is also CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that an appeal in this case by McQuiston would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED. If McQuiston chooses to appeal, he must either pay the full $505 appellate filing fee to this Court or file a motion to proceed *in forma pauperis* and supporting affidavit directly in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

      s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE